U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP - 9 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KATHRYN S. JENNINGS   CIVIL ACTION NO. 03-1598

VERSUS   JUDGE S. MAURICE HICKS, JR.

RYAN'S FAMILY STEAK   MAGISTRATE JUDGE HORNSBY
HOUSES, EAST, INC.

## MEMORANDUM RULING

This matter is before the Court on defendant, Ryan's Family Steak Houses, East, Inc. ("Ryan's") Motion for Summary Judgment. [Doc. No. 8]. Ryan's moves for summary judgment on the basis that plaintiff can not meet her burden under Louisiana Revised Statutes 9:2800.6. Plaintiff argues that there are genuine issues of material facts regarding the incident. After consideration of the law and evidence submitted, the Court finds that there are no genuine issues of material fact in dispute and that the defendant, Ryan's, is entitled to summary judgment as a matter of fact and law.

## PROCEDURAL BACKGROUND

When this motion was originally filed, Plaintiff Kathryn S. Jennings failed to oppose it within fifteen days as required by Local Rule 7.5W. The Court granted summary judgment in favor of Ryan's. [Doc. Nos. 11 & 12]. Plaintiff then filed a "Motion for Reconsideration" which the Court reluctantly granted. [Doc. Nos. 13 & 17]. After receiving an extension of time to file an opposition (after receiving a notice of deficiency on that motion), plaintiff failed to file a statement of contested facts, prompting the clerk of court to issue a notice of deficiency. [Doc. Nos. 19-24]. Plaintiff finally properly filed an opposition to the original motion for summary judgment citing no legal authority whatsoever

outside of the summary judgment standards. [Doc. No. 25]. The defendant filed a reply and the matter is ready for ruling.

### FACTUAL BACKGROUND

On April 16, 2002, plaintiff Kathryn Jennings and her husband, Wayne Jennings, dined at the Ryan's Steak House in Shreveport, Louisiana. Plaintiff slipped, tripped or otherwise fell in the parking lot after exiting the restaurant. When exiting the restaurant, Jennings testified she noticed that the foyer floor was wet but walked on it to exit the restaurant. [K. Jennings Deposition, Defendant's Exhibit A, at 25]. She also states that she viewed a "wet floor" sign in the area. [Id.] Jennings then walked out the door, presumably over a sidewalk, stepped off the curb and then fell on the asphalt. [Id., at 38, lines 13-23]. Plaintiff states that she is not sure exactly what happened but that she had taken several steps past the curb on the asphalt at the time she fell. [Id.]. Her husband, Wayne Jennings, stated in his deposition that he also noticed the water and almost slipped on his way out of the restaurant. [W. Jennings Deposition, Defendant Exhibit B, at 5].

### LAW AND ANALYSIS

#### A.  Summary Judgment Standard.

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P.56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of

material fact. See Liquid Air Corp., 37 F.3d at 1075. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Liquid Air Corp., 37 F.3d at 1075.

If the movant does, however, meet this burden, the burden shifts and the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 325. To that end, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Ameristar Jet Charter v. Signal Composites, 271 F.3d 624, 626 (5th Cir. 2001). However, the Court will not assume that the nonmoving party could or would prove the necessary facts. See Liquid Air Corp., 37 F.3d at 1075. The nonmoving party's burden will not be satisfied by "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Id. Therefore, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62, 67 (5th Cir. 1993); see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986). With these principles in mind, the Court now turns to a review of the claims at issue.

### B. Premises Liability

A merchant owes a duty to any person using the premises with reasonable care. Terry v. Sutherlands Lumber Co., 742 So.2d 756, 758 (La. App. 2 Cir. 9/24/99). Pursuant

to Louisiana Revised Statutes 9:2800.6, when a claim is brought against a merchant because of a fall due to a condition on the premises, the plaintiff bears the burden of proving the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable; and

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence; and

(3) The merchant failed to exercise reasonable care.

The failure to prove any one of these factors defeats the plaintiff's case. Calderone v. Dorignac's Food Center, Inc., 734 So.2d 152, 152-53 (La. App. 5 Cir. 4/27/99).

Ryan's motion for summary judgment focuses on the first element referenced above - whether the foyer or parking lot contained a defect, that is, a condition creating an unreasonable risk of harm. Plaintiff argues that the defect is the wet floor inside the restaurant. See, Plaintiff's "Amended Memorandum in Support of Plaintiff's Opposition to Motion for Summary Judgment Filed by Defendant," Doc. No. 25, at 3 (if the pages were numbered). It is unclear if the plaintiff alleges that the parking lot created an unreasonable risk of harm. However, plaintiff does allege that slip resistant paint was not used on the curbing outside the restaurant. The Court will consider both the wet floor in the foyer and the parking lot where the accident occurred.

### 1. Unreasonable Risk of Harm

The first issue to be determined by this Court is whether the wet floor or parking lot presented an unreasonable risk of harm that was reasonably foreseeable. If a condition is open and obvious, it is not unreasonably dangerous, and the defendant has no duty to

warn or protect against it. Durman v. Billings, 873 So.2d 872 (La. App. 2 Cir. 3/12/04); Hayes v. Entergy Corp., 850 So.2d 916 (La. App. 2 Cir. 6/25/03). Applying Louisiana law, courts have generally held that the simple fact that an accident occurred as a result of an alleged defect does not in and of itself "elevate the condition of the thing to that of an unreasonably dangerous condition." Id. at 877. If the "risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." Id.

Plaintiff alleges that the wet floor in the foyer created an unreasonable risk of harm. However, Jennings admits that she noticed that the floor was wet, walked through it, and safely made it outside the building without slipping. She even admits viewing a wet floor sign in the area. In the instant case, the victim was familiar with the area,[1] observed the wet floor and the warning signs. See Limberg, 622 So.2d at 1179 (citation omitted) (stating that "the victim's familiarity with the area . . . [is a] factor[] which should be considered"). Accordingly, the Court finds that, the wet floor did not constitute a defect presenting an unreasonable risk of harm to Jennings. The Court finds that the risk, if any, was open and obvious, and therefore not unreasonable.

Plaintiff also alleges that slip resistant paint was not used on the curbing outside the restaurant. However, there is no evidence that plaintiff slipped on the curb. Plaintiff herself testified that she slipped on the asphalt several steps after clearing the curb. Furthermore, Plaintiff has pointed to no obligation requiring Ryan's to use slip resistant paint. But see, Tipton v. Bossier Parish School Board, 441 So.2d 453, 455 (La.App. 2 Cir. 1983) (stating that "although sidewalks and curbs must be kept reasonably safe, expecting them to be

---

[1] In his deposition, Wayne Jennings admitted that they have eaten at this Ryan's numerous times. [W. Jennings Deposition, Defendant's Ex. B].

maintained in perfect condition is unrealistic"). There is no evidence that the parking lot created an unreasonable risk of harm.

After consideration of all the evidence presented, the Court concludes that plaintiff has not met her burden pursuant to Louisiana Revised Statutes 9:2800.6. Jennings admits that she both saw the wet floor and walked around it. Plaintiff did not slip on the curb and there is no evidence presented that the parking lot presented an unreasonable risk of harm. Neither the wet floor nor the parking lot presented an unreasonable risk of harm that was reasonably foreseeable. Therefore, summary judgment in favor of Ryan's is appropriate as a matter of fact and law.

### 2. Reasonable Care

Although the Court has already determined that summary judgment is appropriate because neither the wet floor nor the parking lot was an unreasonable risk of harm, the Court will also determine whether Ryan's failed to exercise reasonable care. A merchant is required to exercise reasonable care to protect its patrons, to keep the premises safe from unreasonable risks of harm, and to warn persons of known dangers. Brown v. Brookshire's Grocery Co., 868 So.2d 297 (La. App. 2 Cir. 3/12/04); Harrison v. Horseshoe Entertainment, 823 So.2d 1124 (La. App. 2 Cir. 8/12/02). A store is not the insurer of its patrons' safety, nor is it liable every time an accident occurs. Burnett v. M & E Food Mart, Inc. No. 2, 772 So.2d 393 (La. App. 3 Cir. 11/15/00), writ denied 786 So.2d 101 (La. 2001). Furthermore, a store does not owe a duty to warn or protect patrons from open and obvious conditions. Durman v. Billings, 873 So.2d at 872 (La. App. 2 Cir. 3/12/04).

As discussed above, Plaintiff contends that the wet floor in the foyer constituted a defect and presented an unreasonable risk of harm. Ryan's argues that there were wet

floor signs in the foyer area, that plaintiff saw the sign and saw that the floor was wet before she exited the building. Therefore, even if the wet floor was not obvious, Ryan's had warning signs in the area, and the plaintiff saw them.

After consideration of the evidence presented, the Court finds that there is no evidence that Ryan's failed to exercise reasonable care. In fact, there is evidence that wet floor signs were present in the area. Therefore, summary judgment in favor of the defendant is appropriate as a matter of fact and law.

## CONCLUSION

The Court finds that Ryan's motion for summary judgment is proper as a matter of fact and law. The Court finds that neither the wet floor nor the parking lot presented an unreasonable risk of harm to Jennings and, furthermore, that Jennings has not presented any evidence that Ryan's failed to exercise reasonable care. Most importantly, Jennings admits that she was aware of the wet floor and the wet floor signs prior to her fall. Therefore:

IT IS ORDERED that defendant, Ryan's Family Steak Houses, East, Inc. ("Ryan's") Motion for Summary Judgment (Rec. Doc. No. 9) shall be **GRANTED**.

IT IS FURTHER ORDERED that plaintiff's claims shall be **DISMISSED** with prejudice.

Shreveport, Louisiana, this 9th day of September, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE